**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| EMILY REED,<br>Plaintiff, | ) ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-343-GSL-JEM |
| | ) | |
| MOHAMMAD N. SOHAIL, *et al.*,<br>Defendants. | ) ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Defendants' Discovery Responses and Motion to Appoint Robert Dignam as Mediator [DE 18], filed March 20, 2025. Plaintiff seeks to compel all Defendants to respond to written discovery requests, as well as appoint a mediator whom she represents the Defendants orally agreed to. Defendants have not filed a response and the time to do so has passed.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37(a) permits a party to move the Court for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(3)(B). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Plaintiff represents that Defendants have failed to respond to her written discovery requests, originally sent November 12, 2024, and therefore overdue. Defendants have failed to respond to the

motion and therefore have not met their burden of showing that the discovery requests were improper. Although Plaintiff does not include a separate affidavit demonstrating attempts to obtain the discovery responses without Court intervention in accordance with Federal Rule of Civil Procedure 37(a)(1) and Northern District of Indiana Local Rule 37-1 she does include a description of the interactions with counsel in the motion and the Court will not deny the motion for the failure to file a separate certificate.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Compel Defendants' Discovery Responses and Motion to Appoint Robert Dingham as Mediator [DE 18] and **ORDERS** Defendants to respond to Plaintiff's outstanding written discovery requests by **April 29, 2025**.

Because the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the "nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Accordingly, the Court hereby **ORDERS** Plaintiff to **FILE**, on or before **May 6, 2025**, an itemization of costs and fees, including attorney's fees, incurred in making the motion to compel and an argument as to why he is entitled to these fees, with Defendants to **FILE** a response with the Court to Plaintiff's request for reasonable expenses incurred in making the instant Motion on or before **May 14, 2025**, with any reply to be filed by **May 21, 2025**.

The Court also **APPROVES** the parties' selection of Robert Dignam as mediator in this case.

SO ORDERED this 10th day of April, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record