UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

EMILY A. REED,

Plaintiff,

v.

MOHAMMAD N. SOHAIL, et al.,

Defendants.

Case No. 2:24-CV-343-GSL-JEM

**OPINION AND ORDER**

On April 27, 2026, Plaintiff filed a Motion for Default Judgment as to Liability Against Defendant Mohammad N. Sohail, or in the Alternative, for an Order Establishing Designated Facts, Pursuant to Fed. R. Civ. P. 37(B), for Sanctions Against Defendants, and for Limited Extension of Fact Discovery Deadline. [DE 27]. On April 30, 2026, Defendants filed a Notice of Intent to Respond to Plaintiff's Motion for Default Judgment and requested that the Court "permit [] the time afforded under the applicable rules to file his response in opposition." [DE 29]. Under the applicable rule, Local Rule 7-1(d)(3)(A), Defendants had 14 days to respond. N.D. Ind. L.R. 7-1(d)(3)(A). Despite their request, Defendants did not respond in the time allotted. On June 25, 2026, the Court ordered Defendants to respond to Plaintiff's Motion by July 10, 2026. [DE 33]. Defendants still did file a response. Defendants did not file their response until September 4, 2026, and did so without leave of the Court. [DE 37]. A hearing on Plaintiff's Motion was held on September 15, 2026.

*Legal Standard*

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to sanction a party that "fails to obey an order to provide or permit discovery, including an order under Rule . . .

37(a).” Possible sanctions include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). In assessing the appropriateness of default judgment, the Court “weigh[s] not only the straw that finally broke the camel’s back, but all the straws that the recalcitrant party piled on over the course of the lawsuit as a discovery sanction.” *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011). Additionally, “the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney’s fees, caused by the failure” unless the failure was substantially justified or an award of expenses would be unjust. Fed. R. Civ. P. 37(b)(2)(C).

*Discussion*

Plaintiff argues that because lesser sanctions have already been tried and failed to compel Defendant Sohail’s action in and attention to this case, case-dispositive relief, including an order striking his Answer and entering a default finding of liability against him pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi), is appropriate. [DE 27]. Plaintiff requests default judgment as to Defendant Sohail’s liability, and that the Court issue an order establishing the following facts as conclusively proven against him: that Defendant Sohail was operating the commercial motor vehicle negligently at the time of the July 25, 2022 collision; that he was acting within the scope

of his employment with Defendant Alberta at the time of the collision; and that the collision was the proximate cause of the injuries and damages sustained by Plaintiff. [*Id.*].

Plaintiff included a detailed timeline of the repeated failures to respond to discovery requests. On November 12, 2024, Plaintiff served Interrogatories and Requests for Production on Defendant Sohail. Responses were due within 30 days. On December 12, 2024 and on January 9, 2025, counsel for Defendant requested an additional 30 days to respond on behalf of all Defendants, including Defendant Sohail, to which Plaintiff agreed. On February 25, 2025, having received no responses from Defendant Sohail, Plaintiff's counsel sent a formal TR 26(F) letter demanding full responses no later than March 11, 2025, and warning that a Motion to Compel would follow if Defendants remained non-compliant. On March 11, 2025, counsel for Defendants informally requested another six days. Plaintiff agreed. On March 20, 2025, having received no discovery responses from Defendants, Plaintiff filed a Motion to Compel Discovery Responses. [DE 18].

On April 10, 2025, Magistrate Judge Martin granted Plaintiff's Motion to Compel in its entirety and ordered all Defendants to respond to Plaintiff's outstanding written discovery requests by April 29, 2025. [DE 19]. Defendant Sohail did not respond to Plaintiff's discovery requests by April 29, 2025, violating Magistrate Judge Martin's Order.

Nearly a year later, still having not received any of the requested discovery information from Defendants, on March 11, 2026, Plaintiff's counsel reached out to defense counsel regarding Defendant Sohail's outstanding discovery responses and deposition scheduling. On March 16, 2026, Plaintiff extended a final informal deadline of April 17, 2026 for Defendant Sohail's discovery responses, warning that failure to comply would result in a demand for a liability stipulation or a second Motion to Compel. On April 15, 2026, defense counsel

represented that her client had not yet provided her with the information needed to respond and requested an extension for April 24, 2026. Plaintiff extended that deadline as a final courtesy. This deadline came and went without any filing from Defendants.

Plaintiff and all Defendants participated in mediation on June 4, 2026, but were ultimately unsuccessful in reaching an agreement. [DE 32]. On June 25, 2026, this Court ordered Defendants to respond to Plaintiff's Motion for Default Judgment by July 10, 2026. [DE 33]. Disregarding this Court's order, Defendants did not respond until September 4, 2026. [DE 37].

In the belated Response to Plaintiff's Motion for Default Judgment, Defendant Sohail asserts that he complied with Plaintiff's discovery requests on September 2, 2026, and that therefore, the Court should deny Plaintiff's request for default judgment. [*Id.*]. In further support of the argument that the Court should deny Plaintiff's request for default judgment, Defendant Sohail, through counsel, alleges that "[he] is a foreign national unfamiliar with the American legal system and the obligations imposed by the Federal Rules of Civil Procedure," and that as a result, "counsel experienced considerable difficulty in securing the information needed to prepare adequate responses." [*Id.*]. At the hearing, counsel for Defendant Sohail informed the Court that for a number of months there had been zero communication between counsel and Defendant Sohail, because he was in the middle east.

However, Defendant "acknowledge[d] the delays in providing discovery responses and [did] not dispute the procedural history set forth in Plaintiff's Motion." [*Id.*]. Counsel also did not meaningfully dispute Plaintiff's assertion during the hearing that September of 2026 was the first he had heard of Defendant Sohail's location in the middle east. Further, despite multiple court ordered deadlines, counsel for Defendant never informed the Court of the challenges they

were facing in communicating with their client, nor did they ever address their non-compliance with the court ordered deadlines by requesting an extension or otherwise.

Defendant Sohail argues that "delays in responding to Plaintiff's discovery requests were not born of contumacious defiance or willful disregard of this Court's orders, but rather from confusion and difficulty navigating the legal process as a foreign national." Having heard additional explanation from counsel at the hearing, the Court is unpersuaded by this. While counsel may have faced challenges in communicating with their client, there is simply no excuse, as officers of the court, for their lack of candor with this Court regarding these delays over nearly two years.

> Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings and demand the right to set their own deadlines. . . . Toleration of delay could string out the case interminably, its pace established by the most slothful of the parties.

*Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 283 (7th Cir. 1988) (quoting *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)). That is precisely what has occurred here. Defendant, without regard for the Plaintiff's numerous extensions or the Court's deadlines, has drawn out this case interminably.

Furthermore, the case cited by Defendant Sohail, *BWXT Nuclear Operations Group, Inc. v. J & L Hatfield, LLC*, 2025 U.S. Dist. LEXIS 266408 (S.D. Ind. Dec. 29, 2025), is unambiguously distinguishable from the case at bar. There, the deadline set by the Court to respond to the discovery requests was August 6, 2025, but there was no communication from Defendants until August 12, 2025—a six-day delay. Here, Magistrate Judge Martin set a

deadline of April 29, 2025 for Defendant Sohail to respond to Plaintiff's outstanding written discovery requests. [DE 19]. Defendant Sohail did not comply with Plaintiff's discovery requests until September 2, 2026. This is a delay of 491 days. The Court does not find *BWXT* analogous to the circumstances here. Additionally, Defendant Sohail here failed to provide discovery responses for nearly two years, and never communicated with the Court regarding the missed deadlines.

*Conclusion*

The Court finds that the actions of Defendant Sohail warrant a sanction. Plaintiff's Motion for Default Judgment, [DE 27], is GRANTED-IN PART. The Court GRANTS Plaintiff's Motion insofar as it requests default judgment as to Defendant Sohail's liability, STRIKES Defendant Sohail's Answer, and FINDS the following facts are conclusively proven against Defendant Sohail: Defendant Sohail was operating the commercial motor vehicle negligently at the time of the July 25, 2022 collision; Defendant Sohail was acting within the scope of his employment with Defendant Alberta at the time of the collision; and that the collision was the proximate cause of the injuries and damages sustained by Plaintiff.

Although under the applicable standard an award of the costs and fees associated with Plaintiff's Motion would be appropriate, during the hearing, Plaintiff's counsel was adamant they were not seeking costs and fees. This also aligns with their Motion, which requested either default judgment against Defendant Sohail, or in the alternative, monetary sanctions. For these reasons, the Court declines to award costs and fees here.

This matter is referred to Magistrate Judge Martin to reestablish discovery deadlines in accordance with this Order and to continue moving the case forward.

SO ORDERED.

ENTERED: September 18, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court